# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8005 | **DATE** | December 28, 2012 |
| **CASE TITLE** | Shawn Bowens (#2011-12030341) v. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $4.88 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608 to facilitate compliance with the order. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is closed on the Court's docket. Any other pending motions are denied as moot. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]

Docketing to mail notices.

## STATEMENT

Plaintiff, an pre-trial detainee in the custody of the Cook County Department of Corrections, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was placed in administrative behavioral observation for a period of 52 days, without a hearing, and that he suffered from unconstitutional conditions as a result. The conditions Plaintiff complains of are that he was locked in his cell alone for twenty-three hours a day, for the one hour a day he was allowed out in the day room, he was forced to be handcuffed and shackled, his visits with family were restricted, and he was limited to one five minute telephone call per week.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $4.88. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, under 28 U.S.C. § 1915A, the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a claim as a matter of law. **(CONTINUED)**

AWL

Plaintiff has alleged that he was placed in abnormal behavioral observation status, which would appear to be a from of administrative detention. Administrative detention of pretrial detainee is constitutionally permissible. No due process is required if the inmate is placed in segregation "not as punishment but for managerial reasons." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002); Bell v. Wolfish, 441 U.S. 520, 538-39 (1979). The plaintiff's placement in administrative, non-punitive segregation as a preventive rather than a punitive measure did not require notice or a hearing and did not violate the plaintiff's constitutional rights. "[A]dministrative segregation is too trivial an incremental deprivation of a convicted prisoner's liberty to trigger the duty of due process. . . ." *Holly v. Woolfolk*, 415 F.3d 678, 679-680 (7th Cir. 2005). Although a person held in confinement as a pretrial detainee may not be subjected to any form of punishment for the crime for which he is charged, *see Rapier v. Harris*, 172 F.3d 999, 1002 (7th Cir. 1999), "a person lawfully detained in pretrial confinement because there is probable cause to believe that he has committed a crime is subject to certain restrictions on his liberty." *Id.* at 1003. "The government also has legitimate interests that stem from its need to manage the facility in which the individual is detained." *Bell*, 441 U.S. at 540.

Plaintiff alleges he was held in observational status for 52 days. The Seventh Circuit has held that confinement in segregation for 70 days does not implicate a liberty interest. *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1997); *see also Lekas v. Briley*, 405 F.3d 602 , 611 (7th Cir. 2005). The plaintiff in *Thomas* was subjected to many of the same deprivations as the Plaintiff in the present case, and more. He was prohibited from participating in prison programs, including all classes and programs offered to inmates in the general population and protective custody. *Thomas* 130 F. 3d at 760. He was "barred from all prison activities, including, among others, educational and work programs," resulting in an inability to work at assignments and earn pay *Id.* at 758, 760. Thomas had "little contact with any other people," was prohibited from accessing the prison "day room," and was allowed to leave his cell only to visit with a doctor and the segregation superintendent, *id.* at 757-58, 760--suggesting the deprivation of contact visits, visits from clergy, and visits from family, as well as an inability to attend church or use a telephone. He was completely denied exercise privileges, both in the yard and the gym, *id.* at 758, 760, and he lost all commissary privileges, *id.* at 757, 762 n.8. As the Court has held that the conditions suffered by Plaintiff in this case, and worse, for longer periods of time, do not represent "atypical and significant hardship" as defined in *Sandin*, he has failed to state a claim. Consequently, this case is dismissed and any pending motions are denied as moot.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted, and shall remain closed on the Court's docket. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."